UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **JANE DOE,** *Plaintiff* § § § | |
| v. § | No. 1:23-CV-01525-DAE |
| **SPILLMAN RANCH HOMES LP, REGISTERED AGENT CT CORPORATION SYSTEMS; and NRP GROUP,** *Defendants* § § § § § § | |

### ORDER AND REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE DAVID A. EZRA
      SENIOR UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Jane Doe's motions for summary judgment, Dkts. 37; 38; 39; Defendants Spillman Ranch Homes, LP and the NRP Group, LLC's ("Defendants") motion to strike Doe's reply, Dkt. 43; and Doe's motion to exceed the page limits, Dkt. 44. After reviewing these filings and the relevant case law, the undersigned denies Defendants' motion to strike, Dkt. 43, grants Doe's motion to exceed the page limits, Dkt. 44, and recommends that the District Judge deny Doe's motions for summary judgment, Dkts. 37; 38; 39.

### I.   BACKGROUND

Doe, who rented a townhome on Defendants' property, alleges that they discriminated against her based on her race, gender, and disability in violation of the Fair Housing Act ("FHA"). Dkt. 6, at 8. Specifically, Doe alleges that Defendants

1

discriminated against her by failing to fix a sewage leak in Doe's apartment, failing to reimburse her for damage caused by the raw sewage leak, "singl[ing] out [her] unit for theft," fabricating lease violations by Doe, refusing to renew Doe's lease or alert her of the nonrenewal of the lease, and charging Doe the holdover-tenant rent after her lease expired. *See id.* Defendants ultimately evicted Doe. *Id.* Through this lawsuit, Doe seeks damages in the amount of $115,280.00 for Defendants' alleged violations of the FHA, as well as orders enjoining Defendants from violating the FHA and requiring them to attend training regarding the FHA's prohibitions on discrimination. *Id.* at 18-19.

Doe filed three identical motions for summary judgment on her claims. Dkts. 37; 38; 39. Defendants filed a response, objecting to the evidence Doe attached to her motions and arguing that Doe failed to meet her burden of establishing that she is entitled to summary judgment. Dkt. 40. In reply, Doe attached new exhibits and attempted to cure the alleged deficiencies in the evidence she had attached to her motions. Dkt. 42. Defendants moved to strike Doe's reply for exceeding the page limit and for including new evidence. Dkt. 43. Doe thereafter filed a motion to exceed the page limits applicable to her reply. Dkt. 44.

## II.   LEGAL STANDARDS

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986);

*Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

  The movant must inform the court of the basis for the summary judgment motion and must point to relevant excerpts from pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of genuine factual issues. *Celotex Corp.*, 477 U.S. at 323. The party opposing the motion must then come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v.*

*Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. DISCUSSION

#### A. Evidentiary Objections

Defendants moved to strike Doe's evidence on several grounds—arguing that it does not constitute competent summary judgment evidence because the exhibits were not authenticated and contained hearsay in violation of Federal Rule of Evidence 802. Dkt. 40, at 1-3. Defendants also objected to portions of Doe's declaration based on its inclusion of hearsay and self-serving, conclusory statements. *Id.* at 3. Doe responded to Defendants' evidentiary objections by attaching new evidence to her reply and filing an affidavit in which she attempted to authenticate the exhibits attached to her motions for summary judgment. Dkts. 41; 41-1; 41-2; 42. Defendants moved to strike Doe's reply for exceeding the page limits[1] and improperly attaching new evidence. Dkt. 43.

Doe attached to her reply three additional exhibits as well as a sworn declaration purporting to authenticate all 96 of her exhibits. Dkts. 41-1; 41-2. Although summary-judgment movants generally may not attach new evidence to a reply without first seeking leave of the Court, this Court may liberally construe Doe's

---

[1] Doe's untimely motion to exceed the page limits, Dkt. 44, in which she argues that she needed more space, totaling four extra pages, to "sufficiently address" the arguments raised in Defendants' response, is **GRANTED**.

filings since she is a pro se litigant in this case. *Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) ("[A] summary judgment movant may not, as of right, file an appendix in support of his reply brief."); *see also E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014), *as revised* (Sept. 18, 2014) (expressing "general willingness to construe pro se filings liberally"); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed[.]'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))). The undersigned thus construes Doe's reply as a motion for leave to file additional exhibits in support of her motions for summary judgment.

"The requirements for authentication are not onerous." *Williams v. Catoe*, No. 6:17CV627, 2021 WL 5087148, at *7 (E.D. Tex. May 19, 2021), *report and recommendation adopted*, No. 6:17-CV-627-JDK-KNM, 2021 WL 4099257 (E.D. Tex. Sept. 9, 2021). Under Rule 901, the authentication requirement may be satisfied where its proponent provides evidence "sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Evid. 901. Despite Defendants' objections to the contrary, Doe may authenticate documents in her possession through a sworn declaration confirming, based on her personal knowledge, that the documents are what she claims them to be. *Id.*; *Rust v. Bank of Am., N.A.,* 573 F. App'x 343, 345 (5th Cir. 2014) (allowing a document to be authenticated under Rule 901(b)(1) by an affiant with knowledge swearing the document to be true and correct).

 Moreover, the Fifth Circuit has instructed that "[a]t the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible

form." *Maurer v. Indep. Town*, 870 F.3d 380, 384 (5th Cir. 2017) ("This flexibility allows the court to consider the evidence that would likely be admitted at trial—as summary judgment is trying to determine if the evidence admitted at trial would allow a jury to find in favor of the nonmovant—without imposing on parties the time and expense it takes to authenticate everything in the record."); *Chevron Oronite Co., L.L.C. v. Jacobs Field Servs. N. Am., Inc.*, 951 F.3d 219, 227 n.8 (5th Cir. 2020) (quoting Fed. R. Civ. P. 56(c)(2)) ("On summary judgment, evidence, to be considered, need not be offered in a form admissible at trial; it need only be capable of being 'presented in a form that would be admissible in evidence.'"); *but see King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) ("Unauthenticated documents are improper as summary judgment evidence."). The undersigned finds that Doe properly authenticated her exhibits—documents within her possession—through the affidavit attached to her reply, and that in any event, such exhibits are capable of being presented in their properly authenticated form at trial. *Chevron Oronite*, 951 F.3d at 227 n.8. Defendants' objections to Doe's evidence based on authentication are overruled.

Defendants also objected to Doe's exhibits and portions of Doe's declaration as containing hearsay, asserting that the exhibits are "replete with hearsay" and thus are not competent summary-judgment evidence. Dkt. 40, at 2. Apart from identifying specific paragraphs of Doe's declaration, Defendants do not identify the portions of any other exhibit that they argue contain inadmissible hearsay. Dkts. 40, at 3; 43, at 2-5. Nor do Defendants identify the specific basis for their hearsay objections to

6

certain paragraphs in Doe's declaration apart from making the vague contention that they include "inadmissible hearsay." Dkts. 40, at 3; 43, at 2-5. Defendants similarly object, without more, to twenty-four paragraphs within Doe's declaration as "self-serving and conclusory statements, legal conclusions, or opinions without any underlying factual basis provided." Dkt. 40, at 3. "The court is not required to review large quanta of evidence to ferret out inadmissible statements." *Patton v. Meridian Sec. Ins. Co.*, 617 F. Supp. 3d 516, 526 (N.D. Tex. 2022). Federal Rule of Evidence 103(a)(1) requires an objecting party to make specific objections detailing the specific evidence the party wishes to have stricken and stating the specific grounds upon which each piece of evidence should be stricken. *See United States v. Avants*, 367 F.3d 433, 445 (5th Cir. 2004).

Objections lacking specificity do not satisfy the requirements of Rule 103. *United States v. Polasek,* 162 F.3d 878, 883 (5th Cir. 1998). "A loosely formulated and imprecise objection will not preserve error. Rather, a trial court judge must be fully apprised of the grounds of an objection." *Id.* (citations omitted); *see also Tucker v. SAS Inst., Inc.*, 462 F. Supp. 2d 715, 722 (N.D. Tex. 2006) (denying motion to strike where "plaintiff simply provide[d] a list of the paragraphs she wishes to challenge and the vague assertion that the information contained in those paragraphs is 'based on inadmissible hearsay'"). Here, Defendants failed to meet Rule 103's specificity requirement, and as such, their remaining objections are overruled.[2]

---

[2] Even so, the undersigned will not consider any of Doe's evidence that is plainly inadmissible. *See* Federal Rule of Evidence 103(d).

Based on the foregoing, Defendants' motion to strike Doe's reply, Dkt. 43, is **DENIED**, and Defendants' evidentiary objections are otherwise overruled.

### B.   Failure to Accommodate

Doe alleged that Defendants ignored her request for a reasonable accommodation under the FHA to allow her to leave her trash and recycling bins outside her unit without incurring fees. Dkt. 6, at 15. "Reasonable accommodation claims under the FHA ... require that a reasonable accommodation be provided to the plaintiff[] if necessary to allow the plaintiff[] to have usage and enjoyment in a facility equivalent to individuals who are not disabled." *Providence Behav. Health v. Grant Rd. Pub. Util. Dist.*, 902 F.3d 448, 459 (5th Cir. 2018). To succeed on a failure-to-accommodate claim under section 3604(f)(3)(B) of the FHA, a plaintiff must show that: (1) she has a disability[3] within the meaning of 42 U.S.C. § 3602(h); (2) the defendant knew or should reasonably be expected to know of the disability; (3) the accommodation is necessary to afford the disabled person an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the requested accommodation. *Chavez v. Aber*, 122 F. Supp. 3d 581, 595 (W.D. Tex. 2015).

Doe moved for summary judgment on this claim by essentially repeating the allegation from her second amended complaint that Defendants failed to grant her

---

[3] Although the FHA uses the word "handicap," 42 U.S.C. § 3602(h), courts have acknowledged that "the definition of 'handicap' under the FHA" and "[t]he definition of disability under the [Americans with Disabilities Act]" are "functionally identical." *Bowman v. Bella Estancias*, LLC, No. 17-CV-91, 2018 WL 1115202, at *5 (W.D. Tex. Feb. 15, 2018). The undersigned uses the term "disability" throughout this report and recommendation.

request "regarding the placement of her trash bins" because "she was unable to move trash bins at full capacity to the designated place outside of the garage on trash day." Dkt. 37, at 14. In support of her claim, Doe attached to her motion a copy of a favorable disability decision letter from the Social Security Administration ("SSA") and an email in which she requested an accommodation in response to an email from Defendants asking her to bring her trash bins inside after trash day to avoid a fee. Dkts. 37-23; 37-41. In her email correspondence with Defendants, Doe explained that she had left the bins outside "because [her] disability prevents [her] from moving the bins in and out" and asked for guidance on how to "request accommodation regarding this matter." Dkt. 37-23, at 2. Defendants respond that Doe has not proffered sufficient evidence to show that they were aware of Doe's qualifying disability. The undersigned agrees.

While Doe's SSA disability decision letter may be sufficient to show that she had a qualifying disability, the email she attached to her motion is insufficient to show Defendants had knowledge of that disability. In the email, she generally claims to be disabled but provides no details that would have alerted Defendants to the disability's qualifying status. Dkt. 37-23; *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 621 (5th Cir. 2009) ("This court has recognized that 'where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee ... to specifically identify the disability[.]'" (quoting *Taylor v. Principal*

*Fin. Group*, 93 F.3d 155, 165 (5th Cir. 1996))).[4] Doe presses that she used a portion of her disability benefits to pay for rent but provides no evidence demonstrating that Defendants were aware of Doe's qualifying disability through her use of such benefits. *See* Dkts. 41, at 4; 37-51. The undersigned recommends that the District Judge deny Doe's motions for summary judgment on her failure-to-accommodate claim.

### C.     Discrimination Claim

Doe also alleged that Defendants discriminated against her based on her race, gender, and disability in violation of the FHA by refusing to fix the sewage pipes in her unit, raising her rent, and declining to renew her lease. Dkt. 6, at 8-17. In her motions for summary judgment, Doe reasserts the allegations from her complaint and cites evidence attached to her motions for support. *See* Dkts. 37; 38; 39. To prevail on a disparate-impact[5] claim under the FHA, a plaintiff must first establish a prima facie case that (1) she is a member of a protected class, (2) she was eligible for favorable treatment (e.g., qualified for a lease renewal); (3) the defendant acted adversely to her (e.g., denied her lease renewal); and (4) favorable treatment remained available to those outside the protected class (e.g., lease renewal was

---

[4] Although the Court in *Chevron Phillips* evaluated a failure-to-accommodate claim brought under the Americans with Disabilities Act ("ADA"), 570 F.3d at 621, "there is no significant difference in the analysis of rights and obligations" created under these Acts. *Vinson v. Thomas*, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002) ("[T]here is no significant difference in the analysis of rights and obligations created by the [ADA and the Rehabilitation Act]."); *see also Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City*, 685 F.3d 917, 919 (10th Cir. 2012) (Gorsuch, J.) (analyzing both the FHA and the ADA under the same "statutory rubric"); *Good Shepherd Manor Found., Inc. v. City of Momence*, 323 F.3d 557, 561 (7th Cir. 2003) ("As a preliminary matter[,] the requirements for showing failure to reasonably accommodate are the same under the ADA and the [Fair Housing Act,] so we can treat these issues as one.").

[5] "Disparate treatment" is "deliberate discrimination." *Munoz v. Orr*, 200 F.3d 291, 299 (5th Cir. 2000).

available to similarly situated individuals outside the protected class). *See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019); *see also Treece v. Perrier Condo. Owners Ass'n, Inc.*, 593 F. Supp. 3d 422, 439 (E.D. La. 2022).

Where, as here, Doe has offered no direct evidence of discrimination, courts utilize a burden-shifting framework once a plaintiff has established a prima facie case of discrimination through circumstantial evidence. *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973); *Arbor Bend Villas Hous., L.P. v. Tarrant Cnty. Hous. Fin. Corp.*, No. CIV.A. 4:02-CV-478Y, 2005 WL 548104, at *6 (N.D. Tex. Mar. 9, 2005) ("Where there is no direct evidence of intentional discrimination, the Fifth Circuit requires the application of the burden-shifting standard first established in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973), to analyze claims of intentional discrimination."). First, the defendant is given the opportunity to articulate a "legitimate, non-discriminatory reason for the rejection." *Inclusive*, 920 F.3d at 911. "The burden then shifts back to the plaintiff to rebut the reason offered … by showing it is a pretext for discrimination." *Id.* "With discriminatory treatment claims, there can be no liability without a finding that the protected trait (e.g., race) motivated the challenged action." *Id.* at 910.

Here, Defendants argue that Doe cannot meet her burden of establish a prima facie case of discrimination since she admits that she did not let maintenance into her unit to repair her sewage pipes and that she breached her lease by keeping animals in her unit, parking illegally, failing to maintain proper renter's insurance, and refusing to pay the holdover-tenant rate when she remained in the unit after the

11

expiration of her lease. Dkts. 37, at 12-15, 22-25, 28; 37-4; 40, at 8-10. Yet even assuming Doe has established a prima facie case of retaliation, her own evidence reveals "legitimate, non-discriminatory" reasons for Defendants failure to timely repair her unit and renew her lease, as well as their ultimate decision to evict Doe for her multiple lease violations. Dkts. 37, at 12-15, 22-25, 28; 37-4; 37-11; 40, at 8-10. The undersigned thus finds there to at least be a genuine dispute of material fact as to whether Defendants' actions resulted from "legitimate, non-discriminatory" concerns with Doe's behavior as a tenant. *See McDonnell Douglas*, 411 U.S. at 803.

Doe also failed to meet her burden of establishing that Defendants' proffered rationale is pretextual. *Artisan/Am. Corp. v. City of Alvin*, 588 F.3d 291, 295 (5th Cir. 2009). Though animus based on a protected trait need not have been the "sole motivation" for the adverse actions, *Woods-Drake v. Lundy*, 667 F.2d 1198, 1201 (5th Cir. 1982), Doe must nonetheless establish that a protected trait "was a significant factor" in Defendants' failure to repair her unit, refusal to renew her lease, and decision to evict her, *Artisan/Am.*, 588 F.3d at 295. Apart from conclusory assertions of discriminatory intent, Doe did not present any evidence that her gender, race, or disability was a "significant factor" in Defendants' actions. *Armendariz v. Pinkerton Tobacco Co.*, 58 F.3d 144, 152 (5th Cir. 1995) ("We have traditionally been very cautious about self-serving and conclusory testimony based on a subjective belief that age discrimination occurred."); *see also Molnar v. Ebasco Constructors, Inc.*, 986 F.2d 115, 119 (5th Cir. 1993) (holding that employee's subjective belief that age discrimination occurred is insufficient to create jury issue when employer articulates

an adequate nondiscriminatory reason for the discharge); *see also Serna v. L. Off. of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 153 (5th Cir. 2015) ("[A]s a general matter, 'unsupported allegations or affidavits setting forth "ultimate or conclusory facts and conclusions of law" are insufficient to either support or defeat a motion for summary judgment.'" (quoting *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985))). The undersigned recommends that the District Judge deny Doe's motions for summary judgment on her discrimination claims.

### D.   Retaliation Claim

Doe's complaint, liberally construed, also alleged a claim against Defendants for retaliation in violation of the FHA. Dkt. 6, at 16-17. Specifically, Doe alleges that Defendants retaliated against her for filing a fair-housing complaint by "using their access to residents' garage remotes [to] open [Doe's] garage randomly," sending maintenance to conduct requested repairs in Doe's home, and raising her rent. *Id.* The *McDonnell-Douglas* burden-shifting framework described above also applies to Doe's retaliation claim given that she has proffered no direct evidence of retaliation. *Texas v. Crest Asset Mgmt., Inc.*, 85 F. Supp. 2d 722, 733 (S.D. Tex. 2000). To establish a prima facie case of retaliation in violation of the FHA, Doe must prove that: (1) she engaged in an activity that the FHA protects; (2) Defendants acted adversely towards her; and (3) a causal connection exists between the protected activity and the adverse action. *Campos v. HMK Mortg., LLC*, 458 F. Supp. 3d 517, 531 (N.D. Tex. 2020). Once Doe establishes a prima facie case of retaliation, the burden shifts to Defendants to "'articulate a legitimate, nondiscriminatory reason for the challenged ... action.'" *Cox*

13

*v. Phase III, Invs.*, No. CIV.A. H-12-3500, 2013 WL 3110218, at *10 (S.D. Tex. June 14, 2013) (quoting *McDonnell Douglas*, 411 U.S. at 803).

Assuming, without deciding, that Doe has presented a prima facie case[6] of retaliation, Doe's own evidence once again reveals non-retaliatory reasons for Defendants' actions, as described above. *See* Section III(B); Dkts. 37, at 12-15, 22-25, 28; 37-4; 40, at 8-10. Although Doe repeatedly calls Defendants' actions "retaliatory" in her declaration, *see* Dkt. 37, at 18-30, she does not present any evidence establishing that Defendants' non-discriminatory explanations for the actions were pretextual. The undersigned recommends that the District Judge deny Doe's motions for summary judgment on any retaliation claim.

## IV. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Doe's motions for summary judgment, Dkts. 37; 38; 39.

The referral to the Magistrate Judge should now be canceled.

---

[6] Doe may have engaged in a protected activity under the FHA by filing a discrimination complaint with the Department of Housing and Urban Development and the Texas Workforce Commission or requesting an accommodation based on her disability. Additionally, she may be able to show that she suffered adverse actions at the hands of Defendants and may establish a causal connection between the protected activity and adverse actions through temporal proximity. Dkts. 6, at 16, 14; 37, at 21-22; 37-23. *Drake v. Nicholson*, 324 F. App'x 328, 331 (5th Cir. 2009) (explaining that filing an administrative complaint is a protected activity); *Chavez v. Aber*, 122 F. Supp. 3d 581, 599-600 (W.D. Tex. 2015) ("Protected activities [under the FHA] include the request for a reasonable accommodation for [disabled] persons." (citations omitted)); *Harmony Haus Westlake, LLC v. Parkstone Prop. Owners Ass'n, Inc.*, No. 1:20-CV-486-XR, 2021 WL 12134789, at *12 (W.D. Tex. Nov. 23, 2021) ("There is no bright-line rule in the Fifth Circuit for determining whether the time between the protected activity and the allegedly retaliatory conduct is too remote.").

## V. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED February 18, 2025.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE