UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JANE DOE, <br>     Plaintiff, <br><br> vs. <br><br> SPILLMAN RANCH HOMES, LP <br> AND THE NRP GROUP, <br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | No. 1:23-CV-01525-DAE |

## ORDER

Before the Court is Defendants Spillman Ranch Homes, LP and The NRP Group, LLC's Motion for Summary Judgment (Dkt. #56) filed on February 18, 2025. Also before the Court are Plaintiff Jane Doe's[1] various Motions for Summary Judgment (Dkts. ## 37, 38, 39), Plaintiff's Objections to the Magistrate Judge's Report and Recommendation (Dkt. #55), and a host of ancillary motions, including motions to disqualify counsel, set aside a release agreement, amend Plaintiff's motions for summary judgment, and request for leave to file a motion stay proceedings (Dkts. ##64, 68, 70, 72, 77)[2].

---

[1] Plaintiff is proceeding *pro se*.
[2] In light of Plaintiff's numerous and duplicative filings, the Court issued an Order on April 8, 2025, requiring Plaintiff to seek leave before filing additional motions. Plaintiff filed an interlocutory appeal of that Order, but then voluntarily dismissed that appeal. (See Dkt. # 78.)

1

The Court referred Plaintiff's summary judgment motions to United States Magistrate Judge Dustin Howell, who issued a thorough Report and Recommendation ("Report") recommending denial of Plaintiff's motions and an order denying Defendants' related motion to strike several of Plaintiff's filings (Dkt. # 53). Because Defendants' motion for summary judgment was filed after the Court received the Report, the Report did not address that motion.

The Court finds this matter suitable for disposition without a hearing. Having reviewed the record, the parties' briefing, and the applicable law, the Court **GRANTS** Defendants' Motion for Summary Judgment (Dkt. # 56), **ADOPTS** the Report in full (Dkt. # 53), **DENIES** Plaintiff's Motions for Summary Judgment (Dkts. # 37, 38, 39), **DENIES AS MOOT** all other pending motions (Dkts. ## 54, 60, 62, 64 , 68, 77) and **DISMISSES** this action **WITH PREJUDICE** for the reasons set forth below.

BACKGROUND

Plaintiff Jane Doe, proceeding *pro se*, brought this action under the Fair Housing Act, 42 U.S.C. § 3601 et seq. ("FHA"), alleging that Defendants engaged in discriminatory housing practices following her lease of a residential unit at Brisa Townhomes, a property managed and owned by Defendants. (Dkt. # 6.) She asserts that Defendants discriminated against her by failing to fix a sewage leak in her apartment, failing to reimburse her for damage caused by the raw

sewage leak, "singl[ing] out [her] unit for theft," fabricating lease violations by Doe, refusing to renew Doe's lease or alert her of the nonrenewal of the lease, and charging Doe the holdover-tenant rent rate after her lease expired. (See Id. at 8.)

Defendants have provided undisputed evidence that Plaintiff violated numerous provisions of her lease, including failure to enter service requests, denying access to the leased premises to the landlord's agents, keeping unauthorized animals in her garage, failure to remove trash bins from in front of her garage in a timely manner, and failure to pay rent. (See, e.g., Dkt.# 57 at 7–8.)

Construing the pleadings liberally, Plaintiff's operative complaint, the Second Amended Complaint (Dkt. # 6), asserts claims for: (1) failure to accommodate under the FHA; (2) discrimination based on race, gender, and disability under the FHA; and (3) retaliation for filing a fair-housing complaint.[3]

APPLICABLE LAW

Summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine issue exists "if the evidence is such that a reasonable

---

[3] It is well settled that *pro se* pleadings must be construed liberally. See e.g., Haines v. Kerner, 404 U.S. 519, 520–21 (1972).

[factfinder] could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The Court must examine "whether the evidence presents a sufficient disagreement to require submission to a [factfinder] or whether it is so one-sided that one party must prevail as a matter of law." Id. at 251–52.  The moving party bears the initial burden of showing the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  If the moving party demonstrates an absence of evidence supporting the nonmoving party's case, then the burden shifts to the nonmoving party to come forward with specific facts showing that a genuine issue for trial does exist. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

At the summary judgment stage, evidence need not be authenticated or otherwise presented in an admissible form. See FED. R. CIV. P. 56(c); Lee v. Offshore Logistical & Transp., LLC, 859 F.3d 353, 355 (5th Cir. 2017) ("Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material may be presented in a form that would not, in itself, be admissible at trial.")  The court draws all reasonable inferences in the light most favorable to the nonmoving party. Wease v. Ocwen Loan Servicing, LLC, 915 F.3d 987, 992 (5th Cir. 2019).  However, "unsubstantiated assertions, improbable inferences, and unsupported speculation

4

are not sufficient to defeat a motion for summary judgment." United States v. Renda Marine, Inc., 667 F.3d 651, 655 (5th Cir. 2012).

## DISCUSSION

I. Defendants' Motion for Summary Judgment

Defendants argue, and the Court agrees, that there is an absence of evidence supporting Plaintiff's FHA claims. Further, the Court finds that Plaintiff has failed to come forward with evidence supporting a genuine issue of material fact relating to any of her claims. Accordingly, summary judgment for Defendants is proper. The Court addresses each claim in turn.

A. Failure to Accommodate

First, Doe has alleged that Defendants ignored her request for a reasonable accommodation under the FHA to allow her to leave her trash and recycling bins outside her unit without incurring fees. (Dkt. # 6, at 15.)

"Reasonable accommodation claims under the FHA . . . require that a reasonable accommodation be provided to the plaintiff[] if necessary to allow the plaintiff[] to have usage and enjoyment in a facility equivalent to individuals who are not disabled." Providence Behav. Health v. Grant Rd. Pub. Util. Dist., 902 F.3d 448, 459 (5th Cir. 2018). To succeed on a failure-to-accommodate claim under section 3604(f)(3)(B) of the FHA, a plaintiff must show that: (1) she has a

disability[4] within the meaning of 42 U.S.C. § 3602(h); (2) the defendant knew or should reasonably be expected to know of the disability; (3) the accommodation is necessary to afford the disabled person an equal opportunity to use and enjoy the dwelling; (4) the accommodation is reasonable; and (5) the defendant refused to make the requested accommodation. Chavez v. Aber, 122 F. Supp. 3d 581, 595 (W.D. Tex. 2015).

      To show she had a qualifying legal disability, Plaintiff has submitted a decision letter from the Social Security Administration. See Dkt. # 37-41. However, Plaintiff has provided no evidence to the Court that this decision letter was provided to Defendants, such that they knew or reasonably should have known of her disability. Rather, Plaintiff has provided two emails, in which she refers to herself as "legally disabled" and states that she was unable to move her trash bins in compliance with the lease because her disability prevents her from doing so. (See Dkts.## 37-18, 37-23.) In one of the emails, Plaintiff asked for guidance on how to request an accommodation. In response, Defendants provided Plaintiff with a reasonable accommodation form, which would have allowed her to inform

---

[4] Although the FHA uses the word "handicap," 42 U.S.C. § 3602(h), courts have acknowledged that "the definition of 'handicap' under the FHA" and "[t]he definition of disability under the [Americans with Disabilities Act]" are "functionally identical." Bowman v. Bella Estancias, LLC, 2018 WL 1115202, at *5 (W.D. Tex. Feb. 15, 2018). The Court uses the term "disability" throughout this Order.

Defendants of a qualifying disability. The record reflects that Plaintiff never returned that form. Accordingly, the Court finds Plaintiff has failed to demonstrate a triable issue of fact as to Defendant's knowledge of her disability because the record reflects that she never specifically identified her disability to Defendants. See E.O.C. v. Chevron Phillips Chem. Co., LP, 570 F.3d 606, 621 (5th Cir. 2009) ("This court has recognized that 'where the disability, resulting limitations, and necessary reasonable accommodations, are not open, obvious, and apparent to the employer, the initial burden rests primarily upon the employee . . . to specifically identify the disability[.]'") (quoting Taylor v. Principal Fin. Group, 93 F.3d 155, 165 (5th Cir. 1996)).[5]

Moreover, Defendant has shown an absence of evidence supporting a finding that Defendants refused to make a reasonable accommodation that was requested by Plaintiff. A plaintiff with a disability seeking a reasonable

---

[5] Although the Court in Chevron Phillips evaluated a failure to accommodate claim brought under the Americans with Disabilities Act ("ADA"), 570 F.3d at 621, "there is no significant difference in the analysis of rights and obligations" created under these Acts. See Vinson v. Thomas, 288 F.3d 1145, 1152 n.7 (9th Cir. 2002) ("[T]here is no significant difference in the analysis of rights and obligations created by the [ADA and the Rehabilitation Act]."); see also Cinnamon Hills Youth Crisis Ctr., Inc. v. St. George City, 685 F.3d 917, 919 (10th Cir. 2012) (Gorsuch, J.) (analyzing both the FHA and the ADA under the same "statutory rubric"); Good Shepherd Manor Found., Inc. v. City of Momence, 323 F.3d 557, 561 (7th Cir. 2003) ("As a preliminary matter[,] the requirements for showing failure to reasonably accommodate are the same under the ADA and the [Fair Housing Act,] so we can treat these issues as one.").

7

accommodation must request the accommodation in "direct and specific terms." Wyndham v. Harris Cnty., 875 F. 3d 229, 237 (5th Cir. 2017). Plaintiff has failed to meet her burden to show a genuine dispute of material fact on this element of her failure to accommodate claim, as she has provided no evidence that she ever requested an accommodation by returning Defendants' accommodation form.

Accordingly, the Court **GRANTS** Defendant's motion for summary judgment as it relates to Plaintiff's failure to accommodate claim under the FHA. That claim is **DISMISSED WITH PREJUDICE.**

B.   Discrimination

Doe has alleged that Defendants discriminated against her based on her race, gender, and disability in violation of the FHA by refusing to fix the sewage pipes in her unit, raising her rent, and declining to renew her lease. (Dkt. # 6 at 8–17.) To prevail on a discrimination claim under the FHA, a plaintiff must establish a prima facie case that (1) she is a member of a protected class, (2) she was eligible for favorable treatment (e.g., qualified for a lease renewal); (3) the defendant acted adversely to her (e.g., denied her lease renewal); and (4) favorable treatment remained available to those outside the protected class (e.g., lease renewal was available to similarly situated individuals outside the protected class). See Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co., 920 F.3d 890, 910 (5th Cir.

2019); see also Treece v. Perrier Condo. Owners Ass'n, Inc., 593 F. Supp. 3d 422, 439 (E.D. La. 2022).

Where, as here, a plaintiff has offered no direct evidence of discrimination, courts utilize a burden-shifting framework once a plaintiff has established a prima facie case of discrimination through circumstantial evidence. McDonnell Douglas v. Green, 411 U.S. 792, 802 (1973); Arbor Bend Villas Hous., L.P. v. Tarrant Cnty. Hous. Fin. Corp., 2005 WL 548104, at *6 (N.D. Tex. Mar. 9, 2005) ("Where there is no direct evidence of intentional discrimination, the Fifth Circuit requires the application of the burden-shifting standard first established in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973), to analyze claims of intentional discrimination."). First, the defendant is given the opportunity to articulate a "legitimate, non-discriminatory reason for the rejection." Inclusive, 920 F.3d at 911. "The burden then shifts back to the plaintiff to rebut the reason offered . . .by showing it is a pretext for discrimination." Id. "With discriminatory treatment claims, there can be no liability without a finding that the protected trait (e.g., race) motivated the challenged action." Id. at 910.

As an initial matter, the Court finds Plaintiff has failed to establish her prima facie case because there is no evidence that any other residents outside her protected group(s) were treated more favorably after committing similar lease violations. Further, Plaintiff has not demonstrated genuine issue of material fact as

9

to this element. However, even if Plaintiff were able to establish her prima facie case, the record reveals legitimate, non-discriminatory reasons for Defendants' alleged failure to timely repair her unit, failure to renew her lease, and decision to evict her for multiple lease violations. (See Dkts. ## 37 at 12,–15, 22–25 ,28; 37-4, 37-11; 40 at 8–10.) Moreover, as Defendants contend, there is no evidence that Defendants' reasons for acting were pretextual. See Artisan/Am. Corp. v. City of Alvin, 588 F.3d 291, 295 (5th Cir. 2009). Apart from conclusory assertions of a subjective belief of discriminatory intent, Doe has not provided any evidence that her gender, race, or disability was a "significant factor" in Defendants' actions. Armendariz v. Pinkerton Tobacco Co., 58 F.3d 144, 152 (5th Cir. 1995) ("We have traditionally been very cautious about self-serving and conclusory testimony based on a subjective belief that age discrimination occurred."); see also Molnar v. Ebasco Constructors, Inc., 986 F.2d 115, 119 (5th Cir. 1993) (holding that employee's subjective belief that age discrimination occurred is insufficient to create jury issue when employer articulates an adequate nondiscriminatory reason for the discharge); see also Serna v. L. Off. of Joseph Onwuteaka, P.C., 614 F. App'x 146, 153 (5th Cir. 2015) ("[A]s a general matter, 'unsupported allegations or affidavits setting forth "ultimate or conclusory facts and conclusions of law" are insufficient to either support or defeat a motion for summary judgment.'") (quoting Galindo v. Precision Am. Corp., 754 F.2d 1212, 1216 (5th Cir. 1985)).

Accordingly, Plaintiff's discrimination claim under the FHA fails as a matter of law and Defendant's motion for summary judgment on this claim is **GRANTED.** Plaintiff's discrimination claim is **DISMISSED WITH PREJUDICE.**

C.   Retaliation

Finally, construing Plaintiff's complaint liberally, Plaintiff has alleged a retaliation claim in violation of the FHA. Specifically, Doe alleges that Defendants retaliated against her for filing a fair-housing complaint by "using their access to residents' garage remotes [to] open [Doe's] garage randomly," sending maintenance to conduct [un]requested repairs in Doe's home, and raising her rent." (Dkt. # 6 at 6–17.)

The McDonnell-Douglas burden-shifting framework described above also applies to Doe's retaliation claim given that she has proffered no direct evidence of retaliation. Texas v. Crest Asset Mgmt., Inc., 85 F. Supp. 2d 722, 733 (S.D. Tex. 2000). To establish a prima facie case of retaliation in violation of the FHA, a plaintiff must prove that: (1) she engaged in an activity that the FHA protects; (2) Defendants acted adversely towards her; and (3) a causal connection exists between the protected activity and the adverse action. Campos v. HMK Mortg., LLC, 458 F. Supp. 3d 517, 531 (N.D. Tex. 2020). Once a plaintiff establishes a prima facie case of retaliation, the burden shifts to Defendants to

11

"'articulate a legitimate, nondiscriminatory reason for the challenged . . . action.'" Cox v. Phase III, Invs., 2013 WL 3110218, at *10 (S.D. Tex. June 14, 2013) (quoting McDonnell-Douglas, 411 U.S. at 803). After Defendants state a legitimate, nondiscriminatory reason for their action, the burden shifts back to the plaintiff to demonstrate the Defendants' reason is actually a pretext for retaliation. Campos, 458 F. Supp at 531.

The FHA only protects certain enumerated activities. See 42 U.S.C. § 3617. Assuming, without deciding that Plaintiff engaged in a protected activity by filing an FHA complaint, the Court finds the record contains no evidence to support the third element of Plaintiff's retaliation claim: a causal connection between the protected activity and the adverse action. Moreover, even if Plaintiff had shown a prima facie case for retaliation, there is no evidence in the record that Defendants acted for anything other than legitimate nondiscriminatory reasons for charging Plaintiff the hold-over rent rate once her lease period ended.[6] Furthermore, there is no evidence that the reasons provided by Defendants for taking the challenged actions were pretextual, and the Court finds Plaintiff has failed to raise a genuine dispute of material fact as to that issue.

---

[6] The record reflects that, despite Plaintiff's contentions to the contrary, her rent was not increased when she became a holdover tenant. Rather, she was granted a one-time rent concession when she initially signed her lease, which lowered her monthly payment during her lease term. (See Dkt. # 56 at 18.)

Accordingly, Plaintiff's retaliation claim under the FHA fails as a matter of law and Defendant's motion for summary judgment on this claim is **GRANTED.** Plaintiff's retaliation claim is **DISMISSED WITH PREJUDICE.**

II. <u>Plaintiff's Summary Judgment Motions and Objections to Report</u>

On February 18, 2025, Magistrate Judge Howell issued a Report and Recommendation recommending the Court deny Plaintiff's three identical motions for summary judgment. (Dkt. # 53.) Judge Howell's reasoning on Plaintiff's motions is in line with the Court's own reasoning as it pertains to Defendants' motion, as outlined above. In Plaintiff's objections (Dkt. # 55), Plaintiff largely reiterates arguments previously raised in her motions and contests factual statements not relied on by the Magistrate Judge in reaching his ultimate conclusions. The Court has independently reviewed the record and finds no basis to reject the Report's conclusions. Plaintiff's objections are therefore **OVERRULED** and the Report (Dkt. # 55) is **ADOPTED IN FULL.** Plaintiff's motions for summary judgment (Dkts. # 37, 38, 39) are **DENIED.**

IV.  Other Pending Motions

Because the Court has granted Defendants' motion for summary judgment and dismissed this case, all other pending motions in this case are hereby **DENIED AS MOOT**.  (Dkts. ## 54, 60, 62, 64 , 68, 77.)[7]

CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendants' Motion for Summary Judgment (Dkt. # 56), **ADOPTS** the Report and Recommendation in full (Dkt. # 53), **DENIES** Plaintiff's Motions for Summary Judgment (Dkts. # 37, 38, 39), **DENIES AS MOOT** all other pending motions in this case (Dkts. ## 54, 60, 62, 64 , 68, 77) and **DISMISSES** this action **WITH PREJUDICE** for the reasons set forth below.

The Clerk is **INSTRUCTED** to **ENTER JUDGMENT** in favor of Defendants and to **CLOSE THE CASE.**

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, June 12, 2025.

---

[7] With the exception of Plaintiff's Motions to Exceed Page Limitations, which are **GRANTED** (Dkts. ## 60, 69) and Plaintiff's filings in excess of the page limitation are deemed properly filed.

_____
David Alan Ezra
Senior United States District Judge